UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA                    :

      - v. -                                  :    **SEALED INDICTMENT**

MICHAEL WHITE,                              :    17 Cr. ___
    a/k/a "Mike,"
JOEY COLON,
DEMETRIUS WINGO,
    a/k/a "Poppa,"                          :
ANTHONY BUSH,
    a/k/a "Ant,"                            :
DAVID OQUENDO,
CHRISTIAN PEREZ,                            :
    a/k/a "Pun,"
JAMES ROBINSON,                             :
CHRISTOPHER HOWARD,
    a/k/a "Juju,"                           :
ALLEN KNIGHT,
    a/k/a "Stutter,"                        :
MIGUEL CALDERON,
    a/k/a "Mick,"                           :
JAMES SNIPES,
    a/k/a "80 Mese,"                        :
WESLEY MONGE,
    a/k/a "Wes,"                            :
OSCAR BRIONES,
    a/k/a "O Block," and                    :
ROY ROBINSON,
    a/k/a "Mob,"                            :

           Defendants.                  :

- - - - - - - - - - - - - - - - - - X

17 CRIM 611

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: OCT 0 4 2017

**COUNT ONE**
**(MBG Racketeering Conspiracy)**

The Grand Jury charges:

    1.   At all times relevant to this Indictment, MICHAEL
WHITE, a/k/a "Mike," JOEY COLON, DEMETRIUS WINGO, a/k/a "Poppa,"
ANTHONY BUSH, a/k/a "Ant," DAVID OQUENDO, CHRISTIAN PEREZ, a/k/a

JUDGE SWEET

"Pun," JAMES ROBINSON, and CHRISTOPHER HOWARD, a/k/a "Juju," the defendants, and others known and unknown, were members and associates of "MBG," also known as "Money Bitches Guns," or "Millbrook Gangstas" ("MBG" or the "Enterprise"), a criminal organization whose members and associates engaged in, among other things, acts of violence and narcotics trafficking.  MBG operated principally in the vicinity of the housing development known as the Mill Brook Houses in the Bronx, New York.

2.    MBG, including its leadership, its membership, and its associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity.  The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.  At all times relevant to this Indictment, the Enterprise was engaged in, and its activities affected, interstate and foreign commerce.  MICHAEL WHITE, a/k/a "Mike," JOEY COLON, DEMETRIUS WINGO, a/k/a "Poppa," ANTHONY BUSH, a/k/a "Ant," DAVID OQUENDO, CHRISTIAN PEREZ, a/k/a "Pun," JAMES ROBINSON, and CHRISTOPHER HOWARD, a/k/a "Juju," the defendants, participated in the operation of the Enterprise, and participated in unlawful and other activities in furtherance of the conduct of the Enterprise's affairs.

2

## PURPOSES OF THE ENTERPRISE

3. The purposes of the Enterprise included the following:

a. Enriching the members and associates of the Enterprise through, among other things, the distribution of narcotics, including marijuana and cocaine base in a form commonly known as "crack."

b. Preserving and protecting the power of the Enterprise and its members and associates through acts of violence and threats of violence.

c. Promoting and enhancing the Enterprise and the activities of its members and associates.

## MEANS AND METHODS OF THE ENTERPRISE

4. Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of the Enterprise were the following:

a. Members and associates of the Enterprise committed, conspired to commit, and attempted to commit, acts of violence to protect and expand the Enterprise's criminal operations, and in connection with rivalries with members of other street gangs.

b. Members and associates of the Enterprise used physical violence and threats of violence against various people, including in particular rival gang members.

3

c. Members and associates of the Enterprise sold narcotics, including marijuana and cocaine base in a form commonly known as "crack."

## THE RACKETEERING CONSPIRACY

5. From approximately in or about 2007, up to and including in or about October 2017, in the Southern District of New York and elsewhere, MICHAEL WHITE, a/k/a "Mike," JOEY COLON, DEMETRIUS WINGO, a/k/a "Poppa," ANTHONY BUSH, a/k/a "Ant," DAVID OQUENDO, CHRISTIAN PEREZ, a/k/a "Pun," JAMES ROBINSON, and CHRISTOPHER HOWARD, a/k/a "Juju," the defendants, and others known and unknown, being persons employed by and associated with the racketeering enterprise described in Paragraphs 1 through 4 above, namely, MBG, which enterprise was engaged in, and the activities of which affected, interstate and foreign commerce, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of MBG through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of multiple:

a. Acts involving murder, chargeable under the following provisions of state law: New York Penal Law, Sections 125.25 (murder), 105.15 (conspiracy to commit murder), 110.00

4

(attempted murder), and 20.00 (aiding and abetting); and

b. offenses involving the distribution of controlled substances, including marijuana and cocaine base in a form commonly known as "crack," in violation of the laws of the United States, namely Title 21, United States Code, Sections 812, 841(a)(1), and 846.

6. It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the Enterprise.

(Title 18, United States Code, Section 1962(d).)

## COUNT TWO
### (YGz Racketeering Conspiracy)

The Grand Jury further charges:

7. At all times relevant to this Indictment, MICHAEL WHITE, a/k/a "Mike," JOEY COLON, DEMETRIUS WINGO, a/k/a "Poppa," ANTHONY BUSH, a/k/a "Ant," DAVID OQUENDO, CHRISTIAN PEREZ, a/k/a "Pun," ALLEN KNIGHT, a/k/a "Stutter," MIGUEL CALDERON, a/k/a "Mick," JAMES SNIPES, a/k/a "80 Mese," WESLEY MONGE, a/k/a "Wes," and OSCAR BRIONES, a/k/a "O Block," the defendants, and others known and unknown, were members and associates of the "Young Gunnaz" ("YGz" or the "Enterprise"), a criminal organization whose members and associates engaged in, among other things, acts of violence and narcotics trafficking. The YGz operated principally in the Bronx, New York.

5

8.     The YGz, including its leadership, its membership, and its associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity.   The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.   At all times relevant to this Indictment, the Enterprise was engaged in, and its activities affected, interstate and foreign commerce.   MICHAEL WHITE, a/k/a "Mike," JOEY COLON, DEMETRIUS WINGO, a/k/a "Poppa," ANTHONY BUSH, a/k/a "Ant," DAVID OQUENDO, CHRISTIAN PEREZ, a/k/a "Pun," ALLEN KNIGHT, a/k/a "Stutter," MIGUEL CALDERON, a/k/a "Mick," JAMES SNIPES, a/k/a "80 Mese," WESLEY MONGE, a/k/a "Wes," and OSCAR BRIONES, a/k/a "O Block," the defendants, participated in the operation of the Enterprise, and participated in unlawful and other activities in furtherance of the conduct of the Enterprise's affairs.

## PURPOSES OF THE ENTERPRISE

9.     The  purposes  of  the  Enterprise  included  the following:

a.     Enriching the members and associates of the Enterprise through, among other things, the distribution of narcotics, including marijuana and cocaine base in a form commonly known as "crack."

6

b. Preserving and protecting the power of the Enterprise and its members and associates through acts of violence and threats of violence.

c. Promoting and enhancing the Enterprise and the activities of its members and associates.

d. The Enterprise operated within multiple housing developments, including the Mott Haven Houses, Maria Lopez Plaza, River Park Towers, and the Mill Brook Houses, all in the Bronx, New York. One of the factions of the YGz operating in the Mill Brook Houses went by the name "Self Made Gunnaz," or "SMG."

## MEANS AND METHODS OF THE ENTERPRISE

10. Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of the Enterprise were the following:

a. Members and associates of the Enterprise committed, conspired to commit, and attempted to commit, acts of violence, to protect and expand the Enterprise's criminal operations, and in connection with rivalries with members of other street gangs.

b. Members and associates of the Enterprise used physical violence and threats of violence against various people, including in particular rival gang members.

7

c. Members and associates of the Enterprise sold narcotics, including marijuana and cocaine base in a form commonly known as "crack."

## THE RACKETEERING CONSPIRACY

11. From approximately in or about 2010, up to and including in or about October 2017, in the Southern District of New York and elsewhere, MICHAEL WHITE, a/k/a "Mike," JOEY COLON, DEMETRIUS WINGO, a/k/a "Poppa," ANTHONY BUSH, a/k/a "Ant," DAVID OQUENDO, CHRISTIAN PEREZ, a/k/a "Pun," ALLEN KNIGHT, a/k/a "Stutter," MIGUEL CALDERON, a/k/a "Mick," JAMES SNIPES, a/k/a "80 Mese," WESLEY MONGE, a/k/a "Wes," and OSCAR BRIONES, a/k/a "O Block," the defendants, and others known and unknown, being persons employed by and associated with the racketeering enterprise described in Paragraphs 7 through 10 above, namely, the YGz, which enterprise was engaged in, and the activities of which affected, interstate and foreign commerce, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the YGz through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of multiple:

a. Acts involving murder, chargeable under the

8

following provisions of state law: New York Penal Law, Sections 125.25 (murder), 105.15 (conspiracy to commit murder), 110.00 (attempted murder), and 20.00 (aiding and abetting); and

b.    offenses involving the distribution of controlled substances, including marijuana and cocaine base in a form commonly known as "crack," in violation of the laws of the United States, namely Title 21, United States Code, Sections 812, 841(a)(1), and 846.

12.    It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the Enterprise.

(Title 18, United States Code, Section 1962(d).)

## COUNT THREE
## (Conspiracy to Distribute Narcotics)

The Grand Jury further charges:

13.    Between in or about 2007 and in or about October 2017, in the Southern District of New York and elsewhere, JOEY COLON, DEMETRIUS WINGO, a/k/a "Poppa," ANTHONY BUSH, a/k/a "Ant," DAVID OQUENDO, CHRISTIAN PEREZ, a/k/a "Pun," JAMES ROBINSON, ALLEN KNIGHT, a/k/a "Stutter," MIGUEL CALDERON, a/k/a "Mick," JAMES SNIPES, a/k/a "80 Mese," WESLEY MONGE, a/k/a "Wes," OSCAR BRIONES, a/k/a "O Block," and ROY ROBINSON, a/k/a "Mob," the defendants, and others known and unknown, did combine, conspire, confederate,

9

and agree together and with each other to violate the narcotics laws of the United States.

14. It was a part and object of the conspiracy that JOEY COLON, DEMETRIUS WINGO, a/k/a "Poppa," ANTHONY BUSH, a/k/a "Ant," DAVID OQUENDO, CHRISTIAN PEREZ, a/k/a "Pun," JAMES ROBINSON, ALLEN KNIGHT, a/k/a "Stutter," MIGUEL CALDERON, a/k/a "Mick," JAMES SNIPES, a/k/a "80 Mese," WESLEY MONGE, a/k/a "Wes," OSCAR BRIONES, a/k/a "O Block," and ROY ROBINSON, a/k/a "Mob," the defendants, and others known and unknown, would and did distribute and possess with the intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1).

15. The controlled substances that JOEY COLON, DEMETRIUS WINGO, a/k/a "Poppa," ANTHONY BUSH, a/k/a "Ant," DAVID OQUENDO, CHRISTIAN PEREZ, a/k/a "Pun," JAMES ROBINSON, ALLEN KNIGHT, a/k/a "Stutter," MIGUEL CALDERON, a/k/a "Mick," JAMES SNIPES, a/k/a "80 Mese," WESLEY MONGE, a/k/a "Wes," OSCAR BRIONES, a/k/a "O Block," and ROY ROBINSON, a/k/a "Mob," the defendants, conspired to distribute and possess with the intent to distribute were: (a) 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of Title 21, United States Code, Section 841(b)(1)(A); (b) marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(D).

(Title 21, United States Code, Section 846.)

10

## COUNT FOUR
### (Violent Crime in Aid of Racketeering)

The Grand Jury further charges:

16. At all times relevant to this Indictment, the YGz, as described in paragraphs 7 through 10 of Count Two of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

17. At all relevant times to this Indictment, the YGz, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely acts involving murder, in violation of New York Penal Law, and narcotics trafficking, in violation of Title 21, United States Code, Sections 812, 841, and 846.

18. On or about October 28, 2012 in the Southern District of New York, MICHAEL WHITE, a/k/a "Mike," the defendant, and others known and unknown, as consideration for the receipt of,

11

and as consideration for a promise and agreement to pay, a thing of pecuniary value from the YGz, and for the purpose of gaining entrance to and maintaining and increasing position in the YGz, an enterprise engaged in racketeering activity, as described above, knowingly assaulted an individual with a dangerous weapon; attempted to murder an individual; and aided and abetted the same, to wit, WHITE shot at and attempted to murder members of a rival gang, during which multiple people were injured, in the vicinity of 138th Street and Cypress Avenue in the Bronx, New York, in violation of New York Penal Law, Sections 120.05, 120.14(1), 125.25, 110.00, and 20.00.

(Title 18, United States Code,
Sections 1959(a)(3), 1959(a)(5), and 2.)

## COUNT FIVE
### (Violent Crime in Aid of Racketeering)

The Grand Jury further charges:

19. At all times relevant to this Indictment, MBG, as described in paragraphs 1 through 4 of Count One of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a

12

continuing unit for a common purpose of achieving the objectives of the Enterprise.

20. At all relevant times to this Indictment, MBG, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely acts involving murder, in violation of New York Penal Law, and narcotics trafficking, in violation of Title 21, United States Code, Sections 812, 841, and 846.

21. On or about February 4, 2013, in the Southern District of New York, DAVID OQUENDO, the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from MBG, and for the purpose of gaining entrance to and maintaining and increasing position in MBG, an enterprise engaged in racketeering activity, as described above, knowingly assaulted an individual with a dangerous weapon; attempted to murder an individual; and aided and abetted the same, to wit, OQUENDO shot at, injured and attempted to murder a member of a rival gang in the vicinity of the Mill Brook Houses in the Bronx, New York, in violation of New York Penal Law, Sections 120.05, 120.14(1), 125.25, 110.00, and 20.00.

(Title 18, United States Code,
Sections 1959(a)(3), 1959(a)(5), and 2.)

13

## COUNT SIX
### (Violent Crime in Aid of Racketeering)

The Grand Jury further charges:

22. Paragraphs 19 and 20 of Count Five of this Indictment are repeated and incorporated by reference as though fully set forth herein.

23. On or about August 17, 2014, in the Southern District of New York, CHRISTOPHER HOWARD, a/k/a "Juju," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from MBG, and for the purpose of gaining entrance to and maintaining and increasing position in MBG, an enterprise engaged in racketeering activity, as described above, knowingly assaulted an individual with a dangerous weapon; attempted to murder an individual; and aided and abetted the same, to wit, HOWARD shot at, injured, and attempted to murder members of a rival gang in the vicinity of the Mill Brook Houses in the Bronx, New York, in violation of New York Penal Law, Sections 120.05, 120.14(1), 125.25, 110.00, and 20.00.

(Title 18, United States Code,
Sections 1959(a)(3), 1959(a)(5), and 2.)

14

## COUNT SEVEN
(Firearms Offense)

The Grand Jury further charges:

24. From approximately in or about 2007, up to and including in or about October 2017, in the Southern District of New York and elsewhere, JOEY COLON, DEMETRIUS WINGO, a/k/a "Poppa," ANTHONY BUSH, a/k/a "Ant," DAVID OQUENDO, CHRISTIAN PEREZ, a/k/a "Pun," JAMES ROBINSON, and CHRISTOPHER HOWARD, a/k/a "Juju," the defendants, and others known and unknown, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely the racketeering conspiracy charged in Count One of this Indictment, knowingly did use and carry firearms, and in furtherance of such crimes, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, some of which were brandished and discharged.

> (Title 18, United States Code, Sections
> 924(c)(1)(A)(i), (ii), (iii) and 2.)

## COUNT EIGHT
(Firearms Offense)

The Grand Jury further charges:

25. From approximately in or about 2010, up to and including in or about October 2017, in the Southern District of New York and elsewhere, MICHAEL WHITE, a/k/a "Mike," ALLEN KNIGHT, a/k/a "Stutter," MIGUEL CALDERON, a/k/a "Mick," WESLEY MONGE, a/k/a "Wes," and OSCAR BRIONES, a/k/a "O Block," the defendants,

15

and others known and unknown, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely the racketeering conspiracy charged in Count Two of this Indictment, knowingly did use and carry firearms, and in furtherance of such crimes, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, some of which were brandished and discharged.

(Title 18, United States Code, Sections
924(c)(1)(A)(i), (ii), (iii) and 2.)

## COUNT NINE
### (Firearms Offense)

The Grand Jury further charges:

26. From approximately in or about 2007, up to and including in or about October 2017, in the Southern District of New York and elsewhere, ROY ROBINSON, a/k/a "Mob," the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely the narcotics conspiracy charged in Count Three of this Indictment, knowingly did use and carry firearms, and in furtherance of such crimes, did possess firearms, and did aid and abet the use, carrying, and possession of firearms.

(Title 18, United States Code, Sections
924(c)(1)(A)(i) and 2.)

16

FORFEITURE ALLEGATION AS TO COUNT ONE

27.  As a result of committing the offense alleged in Count One of this Indictment, MICHAEL WHITE, a/k/a "Mike," JOEY COLON, DEMETRIUS WINGO, a/k/a "Poppa," ANTHONY BUSH, a/k/a "Ant," DAVID OQUENDO, CHRISTIAN PEREZ, a/k/a "Pun," JAMES ROBINSON, and CHRISTOPHER HOWARD, a/k/a "Juju," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963:

a.  any interest acquired or maintained as a result of the offense alleged in Count One;

b.  any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise established, operated, controlled, conducted, or participated in the conduct of as a result of the offense alleged in Count One; and

c.  any property constituting, or derived from, any proceeds obtained, directly or indirectly, from the racketeering activity alleged in Count One.

FORFEITURE ALLEGATION AS TO COUNT TWO

28.  As a result of committing the offense alleged in Count Two of this Indictment, MICHAEL WHITE, a/k/a "Mike," JOEY COLON, DEMETRIUS WINGO, a/k/a "Poppa," ANTHONY BUSH, a/k/a "Ant," DAVID OQUENDO, CHRISTIAN PEREZ, a/k/a "Pun," ALLEN KNIGHT, a/k/a "Stutter," MIGUEL CALDERON, a/k/a "Mick," JAMES SNIPES, a/k/a "80

17

Mese," WESLEY MONGE, a/k/a "Wes," and OSCAR BRIONES, a/k/a "O Block," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963:

a.   any interest acquired or maintained as a result of the offense alleged in Count Two;

b.   any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise established, operated, controlled, conducted, or participated in the conduct of as a result of the offense alleged in Count Two; and

c.   any property constituting, or derived from, any proceeds obtained, directly or indirectly, from the racketeering activity alleged in Count Two.

## FORFEITURE ALLEGATION AS TO COUNT THREE

29.   As a result of committing the controlled substance offense charged in Count Three of this Indictment, JOEY COLON, DEMETRIUS WINGO, a/k/a "Poppa," ANTHONY BUSH, a/k/a "Ant," DAVID OQUENDO, CHRISTIAN PEREZ, a/k/a "Pun," JAMES ROBINSON, ALLEN KNIGHT, a/k/a "Stutter," MIGUEL CALDERON, a/k/a "Mick," JAMES SNIPES, a/k/a "80 Mese," WESLEY MONGE, a/k/a "Wes," OSCAR BRIONES, a/k/a "O Block," and ROY ROBINSON, a/k/a "Mob," the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the said defendants obtained directly or

18

indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation charged in Count Three of this Indictment, including but not limited to, a sum in United States currency representing the amount of all proceeds obtained as a result of the controlled substance offense charged in Count Three of the Indictment.

## Substitute Assets Provision

30.  If any of the above-described forfeitable property, as a result of any act or omission of MICHAEL WHITE, a/k/a "Mike," JOEY COLON, DEMETRIUS WINGO, a/k/a "Poppa," ANTHONY BUSH, a/k/a "Ant," DAVID OQUENDO, CHRISTIAN PEREZ, a/k/a "Pun," JAMES ROBINSON, CHRISTOPHER HOWARD, a/k/a "Juju," ALLEN KNIGHT, a/k/a "Stutter," MIGUEL CALDERON, a/k/a "Mick," JAMES SNIPES, a/k/a "80 Mese," WESLEY MONGE, a/k/a "Wes," OSCAR BRIONES, a/k/a "O Block," and ROY ROBINSON, a/k/a "Mob," the defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which

19

cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1), 846 and 853.)

FOREPERSON

JOON H. KIM
Acting United States Attorney

20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

MICHAEL WHITE, a/k/a "Mike," et al.
Defendants.

SEALED INDICTMENT

17 Cr. ___
(18 U.S.C. §§ 1962, 846, 924(c), and 2.)

JOON H. KIM
Acting United States Attorney.

A TRUE BILL

Foreperson.

10/4/17     Filed indictment                    USMJ Gorenstein
            Arrest warrants ordered