USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/3/2020__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA,

-against-

MICHAEL WHITE,

Defendant.

17 Cr. 611-1 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On February 13, 2020, the Court sentenced Defendant to 20 years' imprisonment, to be followed by five years of supervised release. On February 14, 2020, defense counsel submitted to the Court a letter requesting "clarification of whether, in connection with the sentence the Court announced . . . Mr. White should receive credit for" a prior federal and a prior state sentence. Def. Letter at 1, ECF No. 643. The letter also attached 13 exhibits, consisting of "additional letters that Mr. White requested us to submit to the Court in connection with his sentencing but which were inadvertently omitted from [the defense's] supplemental submission on February 12, 2020." *Id.* The Government responded by letter dated February 21, 2020. ECF No. 645.

In addition, in a letter dated February 16, 2020, Defendant wrote to the Court directly, stating that he had lost confidence in his attorneys and requesting the appointment of a new attorney pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, to represent him on appeal. (That letter has been filed under seal to protect the confidentiality of attorney-client communications it details.)

This order addresses the issues raised by these submissions.

I. Prior Sentences

First, Defendant is not entitled to "credit" for the prior sentences raised in defense counsel's submission. Defense counsel's letter requested clarification as to two prior sentences: (1) a 17 month-term of imprisonment Defendant was sentenced to after pleading guilty in 2013 in federal court to possession of a firearm after a felony conviction; and (2) a 31-month term of imprisonment Defendant was sentenced to after pleading guilty in 2011 in state court to attempted criminal possession of a weapon. Def. Letter at 1.

The issue of whether Defendant's sentence should be reduced to account for the earlier federal sentence was raised in his sentencing submission, *see* ECF No. 637 at 13–14, and the Court stated at Defendant's sentencing in the instant case that it had determined that the prior sentence did not justify a downward departure from the Guidelines range. As the Court explained, "Application Note 4 to Guidelines § 2E1.1 . . . provides that if conduct is 'charged in the count of conviction as part of a pattern of racketeering activity even though the defendant has previously been sentenced for that conduct,' and 'such previously imposed

sentence resulted from a conviction prior to the last overt act of the instant offense,' the Court should 'treat [the offense] as a prior sentence' for purposes of calculating criminal history, 'and not as part of the instant offense.'" Sentencing Transcript at 11:1–10, ECF No. 646. Applying that Guideline, the Court explained that Defendant's prior federal sentence was "not relevant conduct for the purposes of this offense," and so would not warrant a downward departure under USSG §§ 5G1.3 and 5K2.23. *Id.* at 12:19–13:13 (citing *United States v. Williams*, 260 F.3d 160, 167 (2d Cir. 2011)).

The issue of whether Defendant's sentence should be reduced to account for the earlier state sentence was raised in his sentencing submission only in a footnote. *See* ECF No. 637 at 14 n.12. The Presentence Report noted the existence of this sentence in calculating Defendant's criminal history score and indicated that it was related to some of the shootings that were part of the offense of conviction, but treated it as a prior sentence and not part of the offense conduct because of the guidance provided in Application Note 4 to USSG § 2E1.1. PSR ¶ 120, ECF No. 634. The footnote in Defendant's submission argued that "[i]f the Court determines that conduct related to the alleged MBG racketeering enterprise is relevant to calculating [Defendant's] offense level . . . then [Defendant] should receive an additional 31-month downward departure based on" USSG §§ 5G1.3 and 5K2.23. ECF No. 637 at 14 n.12. "Arguments made only in a footnote are generally deemed to be waived." *Scott v. Chipotle Mexican Grill, Inc.*, 315 F.R.D. 33, 45 (S.D.N.Y. 2016). But in any event, neither the PSR nor the Court took the state sentence into account in calculating the offense level, and so this argument should be rejected for the same reasons the Court rejected the request for a downward departure as to the federal conviction.

II. Additional Submissions

The additional exhibits submitted by defense counsel after sentencing do not warrant a change in the sentence imposed. Among them are a handwritten letter from Defendant to the Court, ECF No. 643-1, and letters of support from Defendant's employer, ECF No. 643-2; his friends, coworkers, and acquaintances, ECF Nos. 643-3, 643-4, 643-9, 643-10, 643-11, 643-12, 643-13; and staff at a community group that provided him support after his previous return from incarceration, ECF Nos. 643-5, 643-6, 643-7, 643-8. Though some of these letters had been submitted to the Court in 2017 in connection with a bail application, others, including Defendant's letter and his employer's letter, had not. The Court has reviewed these submissions carefully.

The Court concludes that the documents submitted after sentencing would not have altered its conclusion that the sentence sufficient, but no greater than necessary, to comply with the purposes of sentencing was 20 years' imprisonment followed by five years' supervised release.[1] The additional submissions point to the same considerations that motivated the Court to impose that sentence (one significantly lower than the Guidelines range). Accordingly, the Court adheres to the sentence imposed at sentencing on February 13, 2020, for the reasons stated at that hearing.

---

[1] Though its determination of the appropriate sentence remains the same, the Court is disturbed that defense counsel failed to submit relevant letters of support in advance of sentencing, including Defendant's letter to the Court appealing for leniency.

III. <u>Request for New Counsel</u>

In response to Defendant's letter to the Court requesting new counsel on appeal, defense counsel indicated that, after filing a notice of appeal on Defendant's behalf, they intend to file a motion with the Second Circuit seeking the appointment of substitute counsel. In light of that representation, the Court does not believe action is required on Defendant's request prior to the entry of judgment.

SO ORDERED.

Dated: March 3, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge