

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

January 18, 2022

**BY ECF**
The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *United States v. Michael White*, 17 Cr. 611 (AT)

Dear Judge Torres:

The Government respectfully submits this letter in advance of Michael White's re-sentencing on January 25, 2022. For the reasons explained in this letter, the Government respectfully submits that a sentence of 120 months' imprisonment on Count One, to run concurrently with the 120-month sentence on Counts Two and Four, and to be followed by the 120-month consecutive sentence on Count Eleven, is sufficient, but not greater than necessary, to account for the factors set forth in Title 18, United States Code, Section 3553(a).

**A.  Background**

**a.  The Government's Case at Trial**

White was convicted at trial of all four counts with which he was charged: (1) racketeering conspiracy in connection with the MBG gang (Count One); (2) racketeering conspiracy in connection with the YGz gang (Count Two); (3) a violent crime in aid of racketeering in connection with a subway station shooting on October 28, 2012 (Count Four); and (4) a firearms offense tied to the violent crime in aid of racketeering and the racketeering conspiracy (Count Eleven).

The evidence at trial demonstrated that White was a member of two racketeering enterprises, MBG and the YGZ, both of which operated in and around the Mill Brook Houses in the South Bronx. The evidence further demonstrated that White committed three attempted murders in 2010 in furtherance of his membership in MBG and the YGz: (1) the attempted murder of Jose Rodriguez on January 25, 2010; (2) the attempted murder of Kiseem Cherry on January 31, 2010; and (3) the attempted murder of Quentin Starkes on February 12, 2010.

The evidence also demonstrated that White committed three attempted murders in a subway station on October 28, 2012, in furtherance of his membership in both gangs.

### b. The Motion for a Judgment of Acquittal and Sentencing

White moved for a judgment of acquittal after trial. The Court granted the judgment of acquittal on Count One, finding that no rational jury could have found that MBG constituted a racketeering enterprise. The Court otherwise denied the motion.

At sentencing, the Court sentenced White to 10 years' imprisonment on Counts Two and Four, to be served concurrently, followed by 10 years' imprisonment on Count Eleven, to be served consecutively, for a total of 20 years' imprisonment.

### c. The Appeal

The Government appealed from the Court's judgment of acquittal as to Count One, and White cross-appealed the Court's denial of Counts Two, Four, and Eleven. The Second Circuit reversed the Court's judgment of acquittal on Count One and affirmed the Court's denial of the motion for acquittal as to Counts Two, Four, and Eleven. The Second Circuit then remanded for resentencing on Count One.

### d. The Revised Pre-Sentence Report

The revised Pre-sentence Report ("PSR") calculates a Guidelines imprisonment rage of life, but explains that, because of the statutorily authorized maximum sentences, the applicable Guidelines sentence on Counts One, Two, and Four is 720 months' imprisonment. (PSR ¶ 177).

## B. Discussion

The Government respectfully submits that a below-Guidelines sentence of 120 months' imprisonment on Count One, to be served concurrently with the sentence of 120 months' imprisonment on Counts Two and Four, and to be followed by the consecutive 120-month term of imprisonment on Count Eleven, is sufficient, but not greater than necessary, to account for the factors in Title 18, United States Code, Section 3553(a).

Although the Court did not previously sentence the defendant on the MBG racketeering conspiracy conviction, the Court previously took into account much of the defendant's MBG racketeering conduct. For example, in imposing the original sentence, the Court recognized that the defendant "personally participated in shooting no fewer than seven people, several of whom nearly lost their lives." (Sentencing Transcript at 26 (Dkt. 646)). As the PSR recognizes, those shootings were all in furtherance of both racketeering conspiracies. (*See* PSR ¶¶ 73, 79, 85, 91, 97, 103, 109). Thus, although the Court did not sentence the defendant on the MBG racketeering conspiracy specifically, the Court took into account all of the relevant shootings at sentencing.

   Because the Court previously took these shootings into account, the Government submits that a sentence consistent with the Court's previous sentence on Count Two—120 months' imprisonment—is appropriate. Accordingly, the Government respectfully requests a below-Guidelines sentence of 120 months' imprisonment on Count One, to run concurrently with the sentences on Counts Two and Four, and to be followed by the 120-month consecutive sentence on Count Eleven.

                Respectfully submitted,

                DAMIAN WILLIAMS
                United States Attorney

          By:   /s/
              Alexandra Rothman
              Jordan Estes
              Gina Castellano
              (212) 637-2580/2543/2224

cc: Defense counsel (by ECF)