USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/16/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

–against–

MICHAEL WHITE,

                Defendant.

17 Cr. 611-1 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    On October 16, 2018, a jury found Defendant, Michael White, guilty on two counts of racketeering conspiracy ("Counts One and Two"), one count of committing a violent crime in aid of racketeering ("VICAR"), specifically, attempted murder and assault with a deadly weapon ("Count Four"), and one count of possessing, brandishing, and discharging a firearm during and in relation to a racketeering conspiracy and a VICAR ("Count Eleven"). Dkt. Entry 10/16/2018; Trial Tr. 1481:17–1487:4, ECF No. 363. After the Court granted White's motion for acquittal on Count One, the Second Circuit reversed and remanded for resentencing. *United States v. White*, Nos. 19-3313, 20-805, 2021 WL 3355166, at *6 (2d Cir. Aug. 3, 2021).

    White now moves to vacate his conviction on Count Eleven pursuant to 28 U.S.C. § 2255, or, in the alternative, for a new trial on that count, pursuant to Federal Rule of Criminal Procedure 33. ECF No. 802. For the reasons stated below, White's motion is DENIED.

## BACKGROUND

    On July 16, 2018, White and nine co-defendants were charged in a twelve-count superseding indictment, which detailed the criminal activities of two gangs, known as "MBG" and the "YGz" in the Bronx. ECF No. 169. White, for his part, was charged with the following crimes:

- Count One alleged that, from approximately 2007 to October 2017, White participated in a racketeering conspiracy in connection with his membership in MBG, in violation of 18 U.S.C. § 1962(d).  ECF No. 169 ¶¶ 1–6.

- Count Two alleged that, from approximately 2010 to October 2017, White participated in a racketeering conspiracy related to his membership in YGz, in violation of 18 U.S.C. § 1962(d).  *Id.* ¶¶ 7–12.

- Count Four charged White with a VICAR, namely, a shooting on October 28, 2012, in violation of 18 U.S.C. §§ 1959(a)(3), (a)(5), and 2.  *Id.* ¶¶ 16–18.

- Count Eleven charged White with using and carrying a firearm, which was brandished and discharged, in connection with the racketeering conspiracy charged in Count Two and the VICAR charged in Count Four, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii), (iii), and 2.  *Id.* ¶ 28.

White proceeded to trial before the Honorable Robert W. Sweet, and on October 16, 2018, he was convicted on all four counts.  Dkt. Entry 10/16/2018.  A month later, on November 6, 2018, White filed a motion for acquittal or, in the alternative, for a new trial (the "November 2018 motion").  ECF No. 369.

On April 1, 2019, the case was reassigned to this Court.  Dkt. Entry 4/1/2019.  On September 11, 2019, the Court granted the November 2018 motion as to Count One but upheld White's convictions on the remaining counts (the "September 2019 order").  ECF No. 585.  The Government appealed the September 2019 order.  ECF No. 602.  While the appeal was pending, the Court sentenced White to 20 years' imprisonment followed by five years' supervised release.  Dkt. Entry 2/13/2020.  White appealed the September 2019 order.  ECF No. 651.

On August 3, 2021, the Second Circuit reversed the September 2019 order as to Count One and affirmed the September 2019 order denying the motion for acquittal as to the remaining counts.  *White*, 2021 WL 3355166 at *6.  The Second Circuit remanded the case for resentencing as to Count One.  *Id.*

The Court scheduled White to be resentenced on January 25, 2022.  ECF No. 774.  On January 18, 2022, co-defendant Christopher Howard moved for a new trial pursuant to Rule 33,

ECF No. 790, and the Court adjourned White and Howard's resentencings *sine die*, ECF No. 793.

On February 28, 2022, White filed a letter motion asking for "relief from the conviction on Count [Eleven]" and to "join in the arguments and reasoning" of his co-defendant Howard's motion for a new trial. ECF No. 799 at 1–2. On March 3, 2022, the Court ordered White to "explain[] what presentence relief he seeks." ECF No. 800. On March 11, 2022, White filed the instant motion, asking the Court to vacate his conviction on Count Eleven pursuant to 28 U.S.C. § 2255, or, in the alternative, for a new trial on that count, pursuant to Rule 33 (the "March 2022 motion"). ECF No. 802.

White requests federal habeas relief from his Count Eleven conviction in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), arguing that "the instruction to the jury [during trial] was erroneous in light of *Davis*, [and] thereby taint[ed] the verdict." ECF No. 802 at 3. In *Davis*, the Supreme Court held that the "residual clause" in § 924(c) defining a "crime of violence," 18 U.S.C. § 924(c)(3)(B), is unconstitutionally vague. 139 S. Ct. at 2324. White argues that because the trial court only instructed the jury about convicting him of Count Eleven under the residual clause, the jury could not—as a matter of law—convict him on that count after *Davis* because it was based on an invalid statute. ECF No. 802 at 3–5.

**DISCUSSION**

I. <u>Legal Standard</u>

Under 28 U.S.C. § 2255, a person in custody of the United States may petition the district court for habeas relief to "vacate, set aside or correct" a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose such sentence, . . . the sentence was in excess of the maximum authorized by law, or [the sentence] is otherwise subject to collateral attack." *See Rosario v.*

3

*United States*, 625 F. Supp. 2d 123, 126 (S.D.N.Y. 2008).

Further, "[a] jury instruction is erroneous if it 'misleads the jury as to the correct legal standard or does not adequately inform the jury on the law.'" *United States v. Walsh*, 194 F.3d 37, 52 (2d Cir. 1999) (citation omitted). "Reversal is required only if the instructions, viewed as a whole, caused the defendant prejudice." *United States v. Naiman*, 211 F.3d 40, 51 (2d Cir. 2000). The Supreme Court has made clear that "habeas petitioners are not entitled to habeas relief based on trial error unless they can establish that it resulted in actual prejudice." *Davis v. Ayala*, 576 U.S. 257, 267 (2015) (internal quotation marks omitted).

II. Application

White argues that the trial court's jury instructions as to his Count Eleven conviction were erroneous. ECF No. 802 at 3–5. The Second Circuit's recent decision in *Stone v. United States*, 37 F.4th 825 (2d Cir. 2022) guides the Court's analysis. In *Stone*, the Second Circuit held that a § 924(c) conviction which relied on one or both of two predicate offenses, where one offense was subsequently held to be an invalid predicate, would not be vacated unless the petitioner was prejudiced by the erroneous jury instruction. *Id.* at 831–32. The Second Circuit then reviewed the record to determine whether the jury would have returned a guilty verdict had it been instructed to rely only on the still-valid predicate. *Id.* The Second Circuit determined that "the error of instructing the jury on the . . . invalid predicate was harmless to [petitioner] because the jury found facts 'satisfying the essential elements of guilt' on the valid predicate." *Id.*

Here, as in *Stone*, the jury instructions as to the residual clause amounted to, at most, harmless error because the jury found that the Count Eleven conviction was predicated on the convictions for Counts Two and Four. Trial Tr. at 1484:25–1485:3. The Second Circuit has affirmed that the Count Four VICAR, specifically attempted murder and assault with a deadly

4

weapon in aid of racketeering, is categorically a crime of violence as a matter of law under the § 924(c) elements clause—and in fact did so in its recent opinion reversing the Court's September 2019 order granting acquittal as to Count One. *White*, 2021 WL 3355166, at *6 n.2 ("The V[I]CAR charged in Count Four remains a valid predicate crime for the Section 924(c) offense charged in Count Eleven."); *see also United States v. Houston*, 732 F. App'x 24, 29 (2d Cir. 2018).[1]

## CONCLUSION

For the foregoing reasons, White's motion to vacate his conviction on Count Eleven pursuant to 28 U.S.C. § 2255, or, in the alternative, for a new trial on that count, is DENIED. ECF No. 802. The Clerk of Court is directed to terminate the motions at ECF Nos. 799, 802, and 810.

Sentencing in this matter is scheduled for **January 18, 2023**, at **10:00 a.m.** By **January 4, 2023**, White shall file his sentencing submission. By **January 11, 2023**, the Government shall file its sentencing submission. In addition, by **December 21, 2022**, the United States Probation Office shall provide any updates to the revised final presentence report submitted on October 8, 2021. ECF No. 763.

SO ORDERED.

Dated: November 16, 2022
New York, New York

_____
ANALISA TORRES
United States District Judge

---

[1] For the same reasons, White's motion for a new trial pursuant to Rule 33 also fails. Courts have broad discretion to grant a new trial under Rule 33, but they nonetheless must exercise that authority "sparingly" and in "the most extraordinary circumstances." *United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992). "The ultimate test on a Rule 33 motion is whether letting a guilty verdict stand would be a manifest injustice." *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001). Because the trial court's jury instructions as to the residual clause amounted to, at most, harmless error, White has failed to demonstrate "manifest injustice."